## Commonwealth v. Treftz

*Joseph Nelson,* District Attorney, and *Samuel Orr, 4th,* Assistant District Attorney, for the Commonwealth.

*Michael Wherry,* for defendant.

ACKER, J., December 31, 1970.—The matter for determination by this court comes through a motion to quash. There it is claimed that the indictment is constitutionally infirm in that the substances alleged to be dangerous were determined by an administrative board which did not publish in any circular available to the public that the determination was made without proper hearing, and that such determination is null and void as being an invalid delegation by the legislature to an administrative board by the Congress of the United States and the Legislature of Pennsylvania. To this an answer was filed by the Commonwealth, in the nature of a denial. The matter came for hearing at the same time as a motion to suppress physical evidence, but no testimony was offered on behalf of petitioner.

Defendant is charged with unlawfully possessing dangerous drugs (clistin and chlortrimeton) without a prescription. This is contrary to section 4(q) of The Drug, Device and Cosmetic Act.[1]

The legislature under the same section of the act provided the possible defenses by Clause 9(ii) (1), which states:

"The provisions of this paragraph pertaining to possession shall not apply to, in addition to the foregoing, (1) persons having said drugs in their possession for their own personal use only: provided that they have obtained the same in good faith, for their

---

[1] Act of September 26, 1961, P. L. 1664, sec. 4, 35 PS §780-4.

own use, from a practitioner licensed to prescribe or dispense such drugs, or in pursuance of a prescription given them by a practitioner licensed to prescribe such drugs."

The legislature has further enacted that the procedural burden be placed upon one claiming an exemption by section 780-22.[2] This section provides that "In any prosecution under this act, it shall not be necessary to negate any of the exemptions of this act in any complaint, information or indictment. The burden of proving any exemption under this act shall be upon the defendant."

"Dangerous drugs" by the statute[3] means a drug other than a narcotic drug which, inter alia, is limited under the Federal Act to use under the professional supervision of a practitioner licensed by law to administer such drugs."

Petitioner has the burden of proof to establish his contentions that the State of Pennsylvania did not publish in any available circular a listing of dangerous drugs, did not have private hearings and accepted carte blanche the conclusions of the Federal government as to dangerous drugs.

Being confronted with this burden, petitioner failed to produce any evidence to meet it. Having so failed, this court does not concern itself with the legal merits of the proposition advanced by defendant, for they have not been established by competent evidence for consideration.

Wherefore, defendant's motion to quash the indictment is denied.

### ORDER

And now, December 31, 1970, defendant's motion to quash the indictment is denied.

---

[2] Act of September 26, 1961, P. L. 1664, sec. 22, 35 PS §780-22.

[3] Act of September 26, 1961, P. L. 1664, sec. 2, 35 PS §780-2.